USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BCI BRANDS, LLC,

        *Plaintiff*,

v.

REPUBLIC CLOTHING GROUP, INC., a New York Corporation; BELK, INC., a Delaware Corporation; and DOES 1 THROUGH 10,

        *Defendants*.

Case No. 1:25-cv-01559-MKV

[PROPOSED]
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, the parties have agreed to the following terms of confidentiality, and the Court, having found that good cause exists for the issuance of an appropriately tailored protective order ("**Protective Order**") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client(s) in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("**Confidential Information**"). Information and documents designated as Confidential Information by a party as such shall be stamped "CONFIDENTIAL."

2.    Counsel for any party may designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that such designation is necessary to protect Confidential Information that constitutes or contains sensitive business or personal information or information that the party reasonably believes would create substantial risk of

1

serious harm to its (or a third party's) competitive, economic or business interest if the information is disclosed to any party other than the producing party ("**Highly Confidential Information**"). Information and documents designated as Highly Confidential Information shall be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    3.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. E-discovery vendors, court reporters, stenographers, videographers, and their staff engaged for depositions, hearing or trial;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    f. Other persons only upon the consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

    4.    Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. Counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. E-discovery vendors, court reporters, stenographers, videographers, and their staff engaged for depositions, hearing or trial;

      d.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      e.  The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court); and

      a.  Other persons only upon the consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

5. All Confidential Information or Highly Confidential Information disclosed will be held and used by the person(s) receiving such information solely for use in connection with the action.

6. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

      a.  Inform the person of the confidential nature of the information or documents;

      b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.  Require each such person to sign an agreement to be bound by this Protective Order in the form attached hereto as **Exhibit A**.

7. In the event a party challenges another party's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," counsel shall make a good faith effort to resolve the dispute, and, in the absence of a resolution, the challenging party may seek resolution by the Court. The burden of proving the necessity of a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" remains

with the party asserting the designation. A party challenging a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation must notify the designating party in writing, specifying the grounds for the challenge. The parties must meet and confer within five (5) business days of the written challenge to attempt to resolve the dispute in good faith. Notwithstanding any challenge to the designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all documents previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall continue to be treated as subject to the full protection of the Protective Order until (i) the party asserting the designation withdraws such designation in writing or (ii) the Court rules that the documents should no longer bear the designation. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use of admissibility of the Confidential Information or Highly Confidential Information.

8.  The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Protective Order.

9.  Notwithstanding the designation of information as Confidential Information or Highly Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall

follow and comply with Section 9 of Judge Mary Kay Vyskocil's Individual Rules of Practice in Civil Cases. .

10. Any Personally Identifying Information ("**PII**") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential, and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Rule 502 of the Federal Rules of Evidence, the production of privileged or work product protected documents or communications, electronically stored information ("**ESI**") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protecting information before production.

12. At the conclusion of litigation, all Confidential Information and Highly Confidential Information, and any copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, certified as destroyed. Notwithstanding this paragraph, at the conclusion of the matter, counsel may retain one complete set of materials produced in this case and any working documents reflecting such materials. Any such archival

copies that contain or constitute material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall remain subject to this Protective Order.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: October 9, 2025
   New York, New York

/s/ *Jonathan Goldsmith*
_____
Devika Persaud
Jonathan Goldsmith
Sills Cummis & Gross P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000
dpersaud@sillscummis.com
jgoldsmith@sillscummis.com

*Counsel for Plaintiff*

_____
Philippe A. Zimmerman
Mel DeCandia
Greenspoon Marder LLP
1345 Avenue of the Americas, Suite 2200
New York, New York 10105
(212) 524-5000
philippe.zimmerman@gmlaw.com
mel.decandia@gmalaw.com

*Counsel for Defendants*

**SO ORDERED:**

Date: October 10, 2024
   New York New York

_____
Hon. Mary Kay Vyskocil, U.S.D.J.

6

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BCI BRANDS, LLC, *Plaintiff*, v. REPUBLIC CLOTHING GROUP, INC., a New York Corporation; BELK, INC., a Delaware Corporation; and DOES 1 THROUGH 10, *Defendants*. | Case No. 1:25-cv-01559-MKV **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery materials that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." I agree that I will not disclose such material to anyone, except as permitted by Paragraphs 3 and 4 of the Confidentiality Stipulation and Protective Order (the "**Protective Order**"), I will not use such material for any purpose other than this litigation, and at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____        _____
Name (printed)                                          Signature

Signed in the presence of:

_____
(Attorney)